UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GAMECHOPS, LLC, a Pennsylvania limited liability company,<br>Plaintiff,<br>v.<br>MATERIA MUSIC, INC., a Washington corporation; and MATERIA MUSIC PUBLISHING LLC, a Washington limited liability company,<br>Defendants. | Case No. 2:26-cv-3503<br>COMPLAINT<br>**JURY TRIAL DEMANDED** |

Plaintiff GameChops, LLC, for its Complaint against Defendants Materia Music, Inc. and Materia Music Publishing LLC (collectively, "Materia"), hereby alleges as follows:

**INTRODUCTION**

1. This case involves a concerted campaign by Materia to subvert GameChops' business in order to hamstring a competitor and bully GameChops into accepting Materia's unjustified and unreasonable demands. The primary weapon wielded by Materia in this campaign is a tsunami of takedown notices targeting content posted by GameChops based on false claims of, in part, copyright infringement.

2. Materia's scorched-earth campaign has resulted in (a) the removal of more than 150 videos (and counting) from the GameChops YouTube channels, (b) the threatened



focal PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

termination of the GameChops YouTube accounts (which would also prevent GameChops from creating any new YouTube channels), and (c) injury to approximately 50 artists (and counting) whose works are included in the videos removed as a result of Materia's takedowns. And Materia shows no sign of stopping its wrongful conduct, necessitating this action to protect the rights of GameChops and the artists impacted by Materia's actions.

**THE PARTIES**

3. GameChops, LLC is a limited liability company formed under the laws of the State of Pennsylvania, with its principal place of business located in Philadelphia, Pennsylvania.

4. Upon information and belief, Defendant Materia Music, Inc. ("Materia Music") is a corporation formed under the laws of the State of Washington, with its principal place of business located at 401 Baker Boulevard, Tukwila, Washington 98188. Upon further information and belief, in or about July 2021, Materia Collective, LLC, a Washington limited liability company, converted to Materia Music Inc., a Washington corporation.

5. Upon information and belief, Defendant Materia Music Publishing LLC ("Materia Publishing") is a limited liability company formed under the laws of the State of Washington, with its principal place of business located at 401 Baker Boulevard, Tukwila, Washington 98188.

6. Upon information and belief, each of the Defendants was the agent of each of the other Defendants and, in engaging in the actions alleged herein, was acting within the course and scope of such agency.

**JURISDICTION AND VENUE**

7. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338 because it alleges, among other claims, violations of the Copyright Act, 17 U.S.C. § 101 *et seq.*, and the Digital Millennium Copyright Act, 17 U.S.C. §§ 512, 1202.

8. This Court has supplemental jurisdiction over GameChops' related state law claims under 28 U.S.C. § 1367(a) as those claims are so related to the claims under federal law as to form part of the same case or controversy.

9. This Court has personal jurisdiction over Defendant Materia Music, Inc. because



focal PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

it consented to jurisdiction in the state and federal courts in King County, Washington in one or more agreements with GameChops. Personal jurisdiction over Defendants is also proper because they are both formed under the laws of the State of Washington and their principal place of business is located in King County, Washington.

10. Venue is proper in this District under 28 U.S.C. § 1391(b) because both Defendants reside in this District and a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## FACTUAL ALLEGATIONS

### A. GameChops and DJ Cutman

11. Christopher Davidson, p/k/a DJ Cutman, is a video game music DJ, producer, and record label owner. Mr. Davidson has been making video game music on the internet for 16 years. He has worked with large video game companies like Sega and Sony.

12. Mr. Davidson formed GameChops, LLC, the original video game record label, more than 10 years ago.

13. GameChops focuses on licensed remixes and cover songs of the music of video games. GameChops' releases are available online as well as in vinyl.

14. GameChops' music is available online on a number of platforms, including YouTube, Spotify, Apple Music, and Bandcamp.

15. Given the nature of its business, GameChops relies heavily on online platforms to promote, sell, and distribute its and its artists' creative works. For example, the GameChops YouTube channels are highly successful and they offer a critical conduit for GameChops to engage with its community. The main GameChops YouTube channel (<www.youtube.com/channel/UCDVKYPXwdYUQfgA05CkyFSg>) has more than 620,000 subscribers with the DJ Cutman channel (<www.youtube.com/channel/UCNRFAB4ffkPODZd_PZQvgrw>) reaching almost 100,000 subscribers.



focal PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

**B. Toby Fox and the *Undertale* and *Deltarune* Games and Music**

16. Robert "Toby" Fox is a video game developer and composer who is best known for developing the role-playing video games *Undertale* and *Deltarune*.

17. *Undertale* was released to great success and critical acclaim in 2015. The soundtrack for *Undertale* has also been recognized as one of the best video game soundtracks.

18. *Deltarune* was released in 2018 and is set in a parallel universe to *Undertale*. Subsequent "chapters" of *Deltarune* have since been released, with Chapter 5 being released most recently in June 2026.

19. Toby Fox has been described as a private person who does few interviews.

20. Upon information and belief, Toby Fox's company, Royal Sciences LLC, holds the copyrights to the music in *Deltarune*, including the following copyright registrations for Chapters 1-4 of the game:

| Title of Work/Album | Reg. # | Publication Date | Reg. Effective Date |
|---|---|---|---|
| DELTARUNE Chapter 1 Soundtrack | PA 2-164-011 | 10/31/2018 | 2/4/2019 |
| DELTARUNE Chapter 2 (Original Game Soundtrack) | PA 2-553-847 | 9/17/2021 | 10/8/2025 |
| DELTARUNE Chapter 2 (Original Game Soundtrack) | PA 2-553-849 | 9/17/2021 | 10/8/2025 |
| DELTARUNE Chapter 2 (Original Game Soundtrack) | PA 2-553-850 | 9/17/2021 | 10/8/2025 |
| DELTARUNE Chapters 3+4 (Original Game Soundtrack) | PA 2-574-719 | 6/5/2025 | 3/2/2026 |
| DELTARUNE Chapters 3+4 (Original Game Soundtrack) | PA 2-574-724 | 6/5/2025 | 3/2/2026 |
| DELTARUNE Chapters 3+4 (Original Game Soundtrack) | PA 2-574-725 | 6/5/2025 | 3/2/2026 |
| DELTARUNE Chapters 3+4 (Original Game Soundtrack) | PA 2-574-728 | 6/5/2025 | 3/2/2026 |

21. Upon information and belief, Toby Fox's company, Royal Sciences LLC, is also the owner of the DELTARUNE trademark and corresponding U.S. Registration No. 5998490.

**C. Materia Music and Materia Publishing**

22. Upon information and belief, Materia Music and Materia Publishing are, respectively, a record label and music publisher based in Washington that focuses on video game



focal PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

music.

23. Upon information and belief, Sebastian Wolff is the CEO and owner of Materia.

24. Upon information and belief, Materia controls and represents the sound recording and music publishing rights of Toby Fox and his company Royal Sciences LLC.

25. Upon information and belief, Materia does not control or represent any trademark rights of Toby Fox or his company, Royal Sciences LLC.

26. Upon information and belief, Materia does not control or represent any copyrights in character likenesses from the *Undertale* and *Deltarune* video games owned by Toby Fox or his company, Royal Sciences LLC.

**D. Materia Music's Copyright Infringement and False Copyright Management Information**

27. In September 2018, Materia Music and GameChops entered into an agreement in which GameChops and its artist licensed certain rights to Materia Music to exploit an album entitled *Mario & Chill* owned by GameChops (the "Chill License Agreement").

28. GameChops obtained a copyright registration for the *Mario & Chill* sound recording, Registration No. SR 924-376. A true and correct copy of the registration certificate is attached hereto as **<u>Exhibit A</u>**.

29. After disputes arose between Materia Music and GameChops concerning, in part, the Chill License Agreement, Materia Music and GameChops entered into a settlement agreement in January 2021 (the "Chill Settlement Agreement").

30. As part of the Chill Settlement Agreement, Materia Music and GameChops agreed to terminate the Chill License Agreement. However, GameChops simultaneously granted Materia Music a "non-exclusive right . . . to manufacture and sell the [*Mario & Chill* album] . . . via digital and physical forms of distribution[.]" No ownership rights were transferred to Materia Music in connection with this limited license.

31. Under that license, Materia Music was required to pay royalties to GameChops on a quarterly basis and provide a quarterly accounting of accrued royalties to GameChops.



focal PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

32. However, during the term of the license granted under the Chill Settlement Agreement, Materia Music failed to provide the quarterly accounting of accrued royalties to GameChops. Additionally, upon information and belief, Materia Music failed to pay amounts due to GameChops under the license.

33. The license right granted to Materia Music by GameChops terminated five years after the date of execution of the Chill Settlement Agreement, *i.e.*, in January 2026. The Chill Settlement Agreement provided that after the five-year license term expired, "all licensing rights to Materia shall terminate in perpetuity, and shall revert solely and exclusively to GameChops."

34. Despite the termination of the license right granted to Materia Music by GameChops in the Chill Settlement Agreement in January 2026, upon information and belief, Materia Music has continued to exploit the *Mario & Chill* album.

35. As of September 16, 2026, the *Mario & Chill* album was available for purchase (at a steeply slashed price) on the Materia Store website, as shown in the following screenshot captured from the Materia Store on that date:




Attached hereto as **<u>Exhibit B</u>** is a true and correct copy of a screencapture of the listing for the



focal PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

*Mario & Chill* album captured from the Materia Store website on September 16, 2026 at <https://materia.store/collections/video-game-music/products/mario-chill-compact-disc>.

36. Additionally, upon information and belief, as recently as September 17, 2026, Materia Music was serving ads for the *Mario & Chill* album on social media, including on at least Instagram. Following are two ads for the Materia Store captured from Instagram on September 17, 2026:




37. Moreover, in the listing for GameChops' *Mario & Chill* album, Materia Music falsely represents that Materia Music is the owner of the copyright in the sound recording and that the album is under exclusive license to Materia Music by the artist, stating as follows: "©℗ 2019 Materia Collective LLC under exclusive license from Helynt". Materia Music fails to identify GameChops as the rightful copyright owner of the *Mario & Chill* album:




38. The post-license exploitation of GameChops' *Mario & Chill* album was not authorized by GameChops nor does Materia Music have any ownership rights in GameChops' copyrighted sound recording.

**E. GameChops' Licensed *Piano & Sleep: Deltarune* Release**

39. On September 30, 2025, GameChops released an album, originally titled *Deltarune & Sleep*, featuring cover versions of music from the *Deltarune* video game. The album featured covers of the following 21 songs from Chapters 1-4 of *Deltarune*, all composed by Toby Fox (collectively, the "Deltarune Covers"): Another Him; Field of Hopes and Dreams; Lancer; Scarlet Forest; My Castle Town; Welcome to the City; The World Revolving; It's Pronounced "Rules"; Queen; Acid Tunnel of Love; Lost Girl; Ruder Buster; Raise Up Your Bat; Paradise, Paradise; Adventure Board; Black Knife; Another Day in Hometown; Hammer of Justice; The Third Sanctuary; The Place Where it Rained; and Neverending Night.

40. GameChops also posted a video on its YouTube channel featuring the release.

41. GameChops obtained mechanical licenses for each of the 21 Deltarune Covers



focal PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

through DistroKid LLC – a distribution service that, among other things, assists in obtaining licenses for cover versions of songs and which Materia itself recommends be used by content creators. Mechanical licenses are compulsory licenses for cover versions of songs that permit the distribution of audio-only recordings. Here, DistroKid obtained the licenses via the Harry Fox Agency LLC ("HFA"), which acts as a middleman between distributors and the rightsholders (or their representatives, such as Materia). Attached hereto as **Exhibit C** are true and correct copies of the confirmations of licenses GameChops received for each of the 21 Deltarune Covers.

42. On October 6, 2025, Materia sent a notice to GameChops and the artist on the *Deltarune & Sleep* album raising mechanical license, character likenesses copyright, and trademark "concerns" about the release.

43. First, Materia thanked GameChops "for recoding [sic] cover song versions of DELTARUNE," thereby acknowledging that they were cover versions of the songs. Materia then noted that it did not have a record of mechanical licenses for the Deltarune Covers on the album. Materia's notice requested any licenses that were obtained and indicated that if such licenses did not exist or were "not timely," Materia "may be able to explore retroactive licenses directly." Materia also stated that a sync license was required for cover versions in videos and indicated it was "happy to explore a retroactive license" for videos available on YouTube, X, Facebook, and Instagram.

44. Additionally, although Materia represented at the start of its notice that it only represented the "music publishing" rights to the *Deltarune* music on behalf of Toby Fox and Royal Sciences LLC, Materia also purported to enforce rights in the DELTARUNE trademark and copyrights in character likenesses from the *Deltarune* game.

45. The next day, October 7, 2025, Materia followed up, stating that it "may need to request takedowns of infringing materials in lieu of a response."

46. On October 8, 2025, GameChops responded to Materia, providing a screenshot from DistroKid – the service that Materia recommends be used by content creators for mechanical licenses – indicating that each of the 21 Deltarune Covers on the album were



focal PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

licensed. That same day, Mr. Davidson emailed Materia, attaching confirmations from DistroKid of licenses for the 21 songs.

47. On October 8, 2025, Materia responded, indicating that it allegedly had only received 11 license requests that HFA had received from DistroKid for the Deltarune Covers and attaching a redacted "Notice of Intention to Obtain a Compulsory License for Making and Distributing Phonorecords" from HFA. Materia also indicated that it would "prepare a direct license for sync and mechanical in the next day" and if the cover art and title for the release could be changed that week, it "won't need to proceed with a takedown."

48. On October 10, 2025, consistent with the timeline referenced in Materia's October 8th email, GameChops was in the process of changing, or had already submitted a request to change, the title of its release to "*Piano & Sleep: Deltarune*" when Materia disclosed that it had already submitted takedown requests.

49. Upon information and belief, on October 11, 2025, Materia submitted a DMCA removal request to YouTube for the *Piano & Sleep: Deltarune* video on GameChops' channel, resulting in the first copyright "strike" GameChops had ever received. Although a "strike" expires in 90 days, if an account receives three strikes within a 90-day period, the account, including all associated channels, is terminated and no new channels can be created.

50. GameChops promptly followed up with Materia seeking a resolution of Materia's professed concerns so that the artist for the renamed *Piano & Sleep: Deltarune* album – who had spent months working on the album – wouldn't be harmed by Materia's actions. However, although GameChops participated in good faith in those discussions, which spanned many months, Materia made ever-changing and unfounded accusations combined with patently unreasonable monetary demands.

51. In these discussions with Materia, GameChops learned that any purported discrepancy between the number of mechanical licenses GameChops obtained for the *Piano & Sleep: Deltarune* album (21 via Materia's recommended service, DistroKid) and the number of licenses HFA reported to Materia (allegedly 11) was caused by Materia's administrative failure.



**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

Specifically, upon information and belief, Materia failed to timely register all of the *Deltarune* Chapters 3 and 4 songs with HFA. As a result, although GameChops, through DistroKid, had obtained – and paid for – mechanical licenses for all 21 songs on the *Piano & Sleep: Deltarune* album, upon information and belief, Materia's failure to obtain timely registrations resulted in Materia purportedly only receiving 11 licenses from HFA.

**F. Materia's Weaponization of DMCA Takedowns**

52. Having failed to force GameChops to capitulate to its unreasonable demands during the discussions following the release of *Piano & Sleep: Deltarune*, Materia embarked on a scorched-earth campaign targeting GameChops and DJ Cutman that included weaponization of platform notice and takedown procedures, including under the Digital Millenium Copyright Act ("DMCA"), and dissemination of false statements about GameChops and DJ Cutman on social media and to GameChops' artists.

53. In an initial salvo, in October 2025, GameChops received takedown notices from Apple and Spotify relating to the *Piano & Sleep: Deltarune* release that Materia had submitted.

54. Then, beginning in early September 2026, Materia ramped up its campaign, issuing waves of takedowns for GameChops' material to various platforms, including more than 150 takedowns as of September 16, 2026 to YouTube for the GameChops YouTube channels. Attached hereto as **<u>Exhibit D</u>** is a table compiling the takedowns submitted by Materia against the GameChops YouTube channels as of September 16, 2026.

55. YouTube removed all of the videos in response to Materia's takedowns. Although GameChops has submitted DMCA counternotices, as of the filing of this Complaint, the videos remain down.

56. Additionally, as a result of Materia's takedowns, GameChops received far more than the maximum three copyright "strikes" on YouTube, after which its accounts would be terminated. As of the filing of this Complaint, it is the understanding of GameChops that the termination of its YouTube channels is on hold but the threat remains.

57. Materia's takedowns were replete with factual inaccuracies, however. For



focal PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

example, some of Materia's takedowns identified works that were not included in the targeted video, others targeted works that GameChops and/or Mr. Davidson had licensed, and yet others resulted in the removal of works owned by GameChops and/or Mr. Davidson.

58. Moreover, the majority of Materia's takedowns were inconsistent with or directly contradicted by the public policies of Toby Fox – whose works Materia claims to be protecting – regarding authorized uses of *Deltarune* and *Undertale* music and related intellectual property (e.g., trademark and characters).

59. For example, on the *Undertale* X account, upon information and belief, Toby Fox provided the following guidance to content creators who posted videos to YouTube containing *Undertale* or *Deltarune* music, encouraging them to dispute copyright claims:




https://x.com/UnderTale/status/1538228733684989958 (last visited Sept. 15, 2026).

60. Upon information and belief, Toby Fox has also posted a policy on Tumblr regarding permitted uses of the *Undertale* intellectual property. *See* https://www.tumblr.com/undertale/139726155020/changing-policy-on-fan-merch (last visited



focal PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

Sept. 15, 2026).

61. Moreover, a number of Materia's notices involved works that even Materia acknowledged were released more than 10 years ago.

62. For example, in a wave of nine DMCA notices sent to DistroKid by Materia on September 4 and 8, 2026, with respect to five of the notices, Materia alleged that the identified material had been released at least 10 years ago in 2016. In the remaining four notices, Materia alleged that the identified material had been released at least seven years ago, in 2018 or 2019. Although Materia claimed that it "only recently became aware of" the releases, such a claim is facially implausible given at least the nature of Materia's business, the small size of the video game music industry, and Materia's recommendation that creators use DistroKid to obtain mechanical licenses which suggests a close relationship between Materia and DistroKid.

63. Upon information and belief, this is not the first time that Materia and its CEO, Sebastian Wolff, have bullied and attacked other artists and businesses who disputed or questioned Materia's claims of infringement.

64. For example, in a well-known incident beginning in late 2023, a fan game *Undertale Yellow* was released. It was a prequel to Toby Fox's *Undertale* game and garnered a significant amount of fan attention. However, upon information and belief, Materia began making copyright claims with respect to the music in the game and 100 of the songs had to be deleted. Materia's Sebastian Wolff responded on X to the outcry from fans in a manner that was, at best, characterized as "unprofessional." Ultimately, upon information and belief, Toby Fox issued a statement about the incident in which he disclosed that he had donated $20,000 to the charity of Undertale Yellow's choice:



focal PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966




## G. Harm to GameChops and GameChops' Artists and Future Artists

65. Materia's actions have caused significant harm to GameChops and its artists whose creative content was included in the removed materials.

66. As a result of Materia's inaccurate takedowns, a wide swath of GameChops content has been removed, including more than 150 videos (and counting) on the GameChops YouTube channels. GameChops is a small company that relies heavily on its YouTube channel, which has more than 600,000 subscribers.

67. With the removal of such a large number of videos on YouTube, GameChops estimates that it could lose approximately $10,000+ a month, a number that would likely increase as the holiday season approaches if the videos remain down. Moreover, that number does not account for the reputational harm to GameChops. Even if the videos were reinstated based on GameChops' DMCA counternotices, the performance of those reinstated videos is uncertain.

68. Additionally, Materia's carpet bombing of factually inaccurate takedowns may cause the termination of the GameChops YouTube accounts, cutting off a critical conduit to the GameChops community. Such harm was undoubtedly the intent of Materia.

69. Moreover, Materia's vendetta toward GameChops has also inflicted harm on the



focal PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

50 (and counting) artists whose creative works Materia has removed. If Materia is successful in obtaining termination of the GameChops YouTube accounts, the number of artists harmed by Materia's wrongful conduct will increase significantly.

70. Additionally, Materia's notices also prevented (a) new content from being posted to the GameChops YouTube channels, disadvantaging GameChops' artists with current releases and (b) live streaming, depriving GameChops of the hundreds of viewers per day it receives on average for its live streams.

71. Notably, upon information and belief, Materia's wrongful actions and bullying conduct also harms the reputation of Toby Fox, upon whose behalf Materia purports to act, and stifles the creative fans who have a passion for Toby Fox's video games and music.

72. Compounding the harm, Materia has also engaged in a smear campaign targeted at GameChops in retaliation for its refusal to give in to Materia's unreasonable demands or to accept Materia's false allegations.

73. For example, in a September 8, 2026 post to X, Materia accused GameChops and Mr. Davidson – without any proffered evidence – of "hundreds" of unlicensed uses and collecting "tens of millions of dollars by exploiting others' rights" purportedly "many times" without license or other authorization. Materia then "invites" artists, clients, fans, and customers of GameChops to "share [their] experiences" with Materia legal, presumably in a fruitless attempt to gather support for its false accusations:



focal PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966




74. On September 14, 2026, Materia continued its attacks on GameChops and Mr. Davidson in a blog post in which it again falsely accused GameChops of making "tens of millions of dollars from exploiting Materia's rights alone." Despite attacking GameChops and Mr. Davidson without support, Materia concluded its post by stating that it "cannot comment on prospective litigation matters."

75. Though untrue and unsupported, Materia's attacks have harmed GameChops' reputation and goodwill and will continue to harm GameChops until Materia is held responsible for its wrongful conduct.

**FIRST CAUSE OF ACTION**

**Misrepresentation Under the DMCA, 17 U.S.C. § 512(f)(1)**

**(Against All Defendants)**

76. Plaintiff realleges and incorporates by reference all of the allegations set forth in the preceding paragraphs as if fully set forth herein.

77. As described herein, Defendants submitted DMCA takedown notices regarding materials on the GameChops accounts to at least YouTube that contained material



focal PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

misrepresentations. The false statements in the notices constitute knowing, material misrepresentations by Defendants that the identified material or activity was infringing.

78. The material misrepresentations in Defendants' DMCA notices resulted in the removal of GameChops' and DJ Cutman's content as well as the imposition of multiple copyright "strikes" on the GameChops YouTube accounts.

79. Upon information and belief, Defendants submitted the DMCA takedown notices in subjective bad faith with the intent to harm GameChops—a competitor who refused to agree to Defendants' unreasonable demands.

80. As a result of Defendants' actions described herein, GameChops has suffered, and will continue to suffer, irreparable injury for which there is no adequate remedy at law. Upon information and belief, unless enjoined by this Court, Defendants will continue their unlawful activities in violation of 17 U.S.C. § 512(f). Plaintiff, therefore, is entitled to injunctive relief to enjoin Defendants' ongoing unlawful conduct.

81. As a further result of Defendants' unlawful actions, Plaintiff has suffered immense harm, including but not limited to, lost views, lost revenue, and damage to the GameChops brand, reputation, and goodwill.

82. Plaintiff is entitled to damages in an amount to be proven at trial, as well as its attorneys' fees and costs of this action pursuant to 17 U.S.C. § 512(f).

**SECOND CAUSE OF ACTION**

**Copyright Infringement, 17 U.S.C. § 101 *et seq.***

**(Against Defendant Materia Music, Inc.)**

83. Plaintiff realleges and incorporates by reference all of the allegations set forth in the preceding paragraphs as if fully set forth herein.

84. The *Mario & Chill* sound recording constitutes an original work of authorship and copyrightable subject matter under the laws of the United States.

85. Subject to the excluded material identified in the Certificate of Registration for the *Mario & Chill* sound recording, GameChops is the sole owner of all exclusive rights in the



focal PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

*Mario & Chill* sound recording and corresponding Certificate of Registration No. SR 924-376.

86. Upon information and belief, Defendant Materia Music has copied and distributed the *Mario & Chill* sound recording without the consent or authority of GameChops after the expiration of the license granted in the Chill Settlement Agreement.

87. The foregoing acts of Defendant constitute infringement of GameChops' exclusive rights, in violation of the Copyright Act, 17 U.S.C. §§ 106 and 501.

88. Defendant's actions were and are intentional, willful, wanton, and performed in disregard of GameChops' rights as at all times Defendant was aware of the limited license granted to it, including the limited term of the license, and nonetheless continued to copy and distribute the *Mario & Chill* sound recording without license or authorization to do so from the copyright owner, GameChops.

89. GameChops is entitled to injunctive relief pursuant to 17 U.S.C. § 502. GameChops has no adequate remedy at law for Defendant's wrongful conduct because, among other things, (a) GameChops' copyright is unique and valuable property which has no readily determinable market value, (b) Defendant's continued infringement harms GameChops such that GameChops could not be made whole by any monetary award, and (c) upon information and belief, Defendant's wrongful conduct, and the resulting damage to GameChops, is continuing.

90. GameChops has been and will continue to be damaged, and Defendant has been unjustly enriched, by Defendant's unlawful infringement of GameChops' *Mario & Chill* sound recording in an amount to be proven at trial under 17 U.S.C. § 504(b).

91. Alternatively, GameChops is entitled to statutory damages under 17 U.S.C. § 504(c), which damages, for the reasons set forth above, should be enhanced in accordance with 17 U.S.C. § 504(c)(2).

92. GameChops is also entitled to recover its attorneys' fees and costs of suit pursuant to 17 U.S.C. § 505.



**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

**THIRD CAUSE OF ACTION**

**False Copyright Management Information, 17 U.S.C. § 1202(a)**

**(Against Defendant Materia Music, Inc.)**

93. Plaintiff realleges and incorporates by reference all of the allegations set forth in the preceding paragraphs as if fully set forth herein.

94. Subject to the excluded material identified in the Certificate of Registration for the *Mario & Chill* sound recording, GameChops is the sole owner of all exclusive rights in the *Mario & Chill* sound recording and corresponding Certificate of Registration.

95. Pursuant to the Chill Settlement Agreement, GameChops granted Defendant Materia Music the limited, non-exclusive right to manufacture and sell the *Mario & Chill* album via digital and physical forms of distribution. No ownership rights were transferred to Defendant in connection with this limited license.

96. Upon information and belief, Defendant provided or distributed false copyright management information in connection with copies of GameChops' copyrighted sound recording, namely, the *Mario & Chill* album. Specifically, on Defendant's online Materia Store, in the product listing for GameChops' *Mario & Chill* album, Defendant knowingly provided false information identifying itself as the owner of the *Mario & Chill* sound recording as follows: "©℗ 2019 Materia Collective LLC under exclusive license from Helynt".

97. The ownership information provided by Defendant on the listing for GameChops' *Mario & Chill* sound recording constitutes "copyright management information" under 17 U.S.C. § 1202(c)(3).

98. Upon information and belief, Defendant provided and/or distributed this false copyright management information identifying itself as the owner of GameChops' copyrighted work knowingly and with the intent to induce, enable, facilitate, or conceal infringement.

99. Upon information and belief, Defendant provided and/or distributed the false copyright management information on its own online store despite actual knowledge of GameChops' ownership of the copyright in the *Mario & Chill* sound recording as reflected in the



focal PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

two licenses entered into by GameChops and Materia Music in which Materia Music was granted a limited right to manufacture and sell the album.

100. Upon information and belief, Defendant provided and/or distributed this false copyright management information identifying Defendant as the owner of the *Mario & Chill* sound recording with the intent to induce, enable, facilitate or conceal infringement. As described herein, Defendant has continued to exploit the *Mario & Chill* sound recording after the expiration of the limited license granted to it by GameChops. That continued exploitation constitutes copyright infringement. Additionally, as described herein, Defendant has engaged in an anti-competitive campaign to subvert GameChops' business. Upon information and belief, Defendant's provision and/or distribution of false copyright management information identifying Materia Music as the owner of GameChops' copyrighted *Mario & Chill* sound recording is part and parcel of that campaign and was done with the intent to induce, enable or facilitate infringement or conceal Defendant's own infringement in order to inflict further harm on GameChops.

101. GameChops is entitled to injunctive relief pursuant to 17 U.S.C. § 1203(b)(1). GameChops has suffered, and will continue to suffer, irreparable injury for which there is no adequate remedy at law. Upon information and belief, unless enjoined by this Court, Materia Music will continue its unlawful activities in violation of 17 U.S.C. § 1202(a). Plaintiff, therefore, is entitled to injunctive relief to enjoin Defendant's ongoing unlawful conduct.

102. GameChops has been and will continue to be damaged, and Materia Music has been unjustly enriched, by Materia Music's unlawful conduct in an amount to be proven at trial under 17 U.S.C. § 1203(c)(2).

103. Alternatively, GameChops is entitled to statutory damages under 17 U.S.C. § 1203(c)(3)(B).

104. GameChops is also entitled to recover its attorneys' fees and costs of suit pursuant to 17 U.S.C. § 1203(b)(4), (5).



focal PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

**FOURTH CAUSE OF ACTION**

**Unfair Business Practices, RCW 19.86 *et seq.***

**(Against All Defendants)**

105. Plaintiff realleges and incorporates by reference all of the allegations set forth in the preceding paragraphs as if fully set forth herein.

106. Defendants' activities described herein—including but not limited to Defendants' submission of more than a hundred factually inaccurate DMCA takedown notices which impacts GameChops, GameChops' artists, and GameChops' ability to promote its artists' works; Defendants' dissemination of false statements about GameChops on social media and elsewhere in order to damage GameChops' business; and Materia Music's unlicensed exploitation of GameChops' *Mario & Chill* album—constitute unfair methods of competition and unfair or deceptive acts or practices, which are damaging to the public interest in violation of RCW 19.86.020.

107. Defendants' unfair methods of competition and unfair and deceptive acts or practices occur in the context of Defendants' regularly conducted business or business practices.

108. Defendants' activities described herein have injured, and will continue to cause injury to, GameChops in its business or property, including but not limited to the loss of revenue and damage to its reputation and goodwill.

109. Defendants' actions contravene the public interest since there is a strong public interest in having a marketplace free from deceptive acts and practices. Additionally, Defendants' wrongful actions have negatively impacted approximately 50 artists (and counting) whose creative works are included in the videos removed from the GameChops YouTube channels as a result of Defendants' takedown notices. Additionally, should the GameChops YouTube accounts be terminated, many more artists will be harmed by the removal of their creative works. Moreover, upon information and belief, Defendants have engaged in similar bullying behavior targeted at other creators and fans of Toby Fox's *Undertale* and *Deltarune* games and music. As a result, Defendants' actions described herein have the capacity to injure



**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

and deceive the public.

110. As a result of Defendants' unfair methods of competition and unfair and deceptive acts or practices, GameChops has been damaged in an amount to be proven at trial and GameChops will continue to be irreparably damaged if Defendants' wrongful conduct is permitted to continue.

111. Pursuant to RCW 19.86.090, GameChops is entitled to its actual damages, which should be trebled, together with its costs of suit and reasonable attorneys' fees, and an injunction restraining Defendants' unfair business practices.

**FIFTH CAUSE OF ACTION**

**Declaratory Judgment of No Infringement, 28 U.S.C. § 2201**

**(Against All Defendants)**

112. Plaintiff realleges and incorporates by reference all of the allegations set forth in the preceding paragraphs as if fully set forth herein.

113. In at least the DMCA takedown notices Defendants have submitted to date and in correspondence between Defendants and GameChops, Defendants have asserted (a) that GameChops infringed the copyrights of artists, including but not limited to Toby Fox, and (b) that Defendants have the rights to enforce those copyrights on behalf of the copyright owners.

114. Additionally, in other takedown notices and correspondence between Defendants and GameChops, Defendants have asserted that GameChops has infringed (a) the copyrights in *Deltarune* character likenesses and (b) the DELTARUNE trademark. Defendants have further asserted that they have the right to enforce those copyright and trademark rights on behalf of the owners.

115. GameChops has not infringed any copyrights or trademark rights that have been asserted by Defendants for at least the following reasons: (a) use of the copyrighted works or trademark were licensed or otherwise authorized by the copyright and/or trademark owners; and/or (b) use of the trademark constituted fair use. Nonetheless, Defendants have not retracted their takedown notices and they continue to threaten GameChops with litigation and to submit



focal PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

additional takedown notices targeting material posted by GameChops.

116. As a result, there exists an actual and justiciable controversy between Plaintiff and Defendants with respect to alleged copyright and trademark infringement asserted by Defendants as described herein.

117. Plaintiff seeks, and is entitled to, a declaratory judgment that it has not infringed any copyright or trademark asserted by Defendants.

**PRAYER FOR RELIEF**

WHEREFORE, GameChops respectfully requests that judgment be entered in its favor on each of the claims stated herein and against Defendants, and that it be awarded relief that includes, but is not limited to, an order:

1. Preliminarily and permanently enjoining Defendants, their officers, employees, agents, representatives, subsidiaries, affiliates, distributors, and all persons or entities acting in concert with them, as follows:

A. enjoining Defendants from directly or indirectly taking any actions to remove or disable access to any material posted by GameChops and DJ Cutman, including by submitting DMCA takedown notices to YouTube, Spotify, Bandcamp, SoundCloud, and/or Apple, misrepresenting that such material infringes the copyrights of works owned or controlled by Defendants or their clients;

B. requiring Defendants to retract, withdraw, or otherwise cancel any actions – including DMCA takedown notices – by Defendants that resulted in removal of any material posted by GameChops and DJ Cutman based on Defendants' misrepresentation that the material infringed the copyrights of works owned or controlled by Defendants or their clients;

C. enjoining Defendant Materia Music, Inc. from further exploitation and infringement of the *Mario & Chill* album;

D. enjoining Defendant Materia Music, Inc. from providing and/or distributing false copyright management information in connection with the *Mario & Chill* album; and



**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

E. enjoining Defendants from engaging in unfair methods of competition and unfair and deceptive acts or practices with respect to GameChops;

2. Requiring Defendants to provide GameChops an accounting of all proceeds obtained by Defendants that are determined to violate any of GameChops' rights described herein;

3. Imposing a constructive trust over the proceeds unjustly obtained by Defendants that are determined to violate any of GameChops' rights described herein;

4. Awarding damages to GameChops, including but not limited to, compensatory, statutory and exemplary damages as permitted by law;

5. Awarding GameChops its full costs of suit and reasonable attorneys' fees under 17 U.S.C. § 505, 17 U.S.C. § 512(f), 17 U.S.C. § 1203(b)(4), (5), RCW 19.86.090, and as otherwise permitted by law;

6. Awarding prejudgment interest as permitted by law; and

7. Such other relief as the Court deems just and proper.

Dated this 18th day of September, 2026.

Respectfully submitted,

FOCAL PLLC

By: *s/ Stacia N. Lay*
*s/ Venkat Balasubramani*
Stacia N. Lay, WSBA #30594
Venkat Balasubramani, WSBA #28269
900 1st Avenue S., Suite 201
Seattle, Washington 98134
Tel: (206) 529-4827
Fax: (206) 260-3966
Email: stacia@focallaw.com
Email: venkat@focallaw.com

MORADO LAW, PLLC

By: *s/ Heather M. Morado*
Heather M. Morado, WSBA #35135
600 1st Avenue, Suite 330, PMB 28223
Seattle, Washington 98104

Tel: (206) 337-7270
Email: hmorado@moradolaw.com

Attorneys for Plaintiff GameChops, LLC

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff GameChops, LLC demands trial by jury in this action of all issues so triable.

DATED: September 18, 2026

*s/ Stacia N. Lay*
Stacia N. Lay, WSBA #30594



focal PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966