HONORABLE RICARDO S. MARTINEZ

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GAMECHOPS, LLC, a Pennsylvania limited liability company,<br>Plaintiff,<br>v.<br>MATERIA MUSIC, INC., a Washington corporation; and MATERIA MUSIC PUBLISHING LLC, a Washington limited liability company,<br>Defendants. | Case No. 2:26-cv-03503-RSM<br><br>JOINT STATUS REPORT AND DISCOVERY PLAN PURSUANT TO FED. R. CIV. P. 26(f) AND LCR 26(f) |

Pursuant to FED. R. CIV. P. 26(f), LCR 26(f), and the Court's September 24, 2026 Order Regarding Initial Disclosures, Joint Status Report, and Early Settlement (Dkt. 7), Plaintiff GameChops, LLC and Defendants Materia Music, Inc. and Materia Music Publishing LLC (collectively, "Materia Music") hereby submit this Joint Status Report and Discovery Plan based on their conference held via video call on October 22, 2026 and follow up communications.

**1. A statement of the nature and complexity of the case.**

**GameChops:** GameChops alleges claims for misrepresentation under the Digital Millennium Copyright Act ("DMCA"), copyright infringement, false copyright management information under the DMCA, unfair business practices under Washington law, and declaratory relief arising from Defendants' weaponization of the DMCA notice and takedown process and other actions that have harmed GameChops' business and artists. Although the parties have a



**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

long history and a number of claims are alleged, GameChops does not believe that this case is particularly complex. However, Defendant Materia Music, Inc. has separately filed a related lawsuit against GameChops' principal, Chris Davidson, alleging a claim for copyright infringement. Defendants also have not yet responded to the Complaint in this action.

**Materia Music:** Materia Music[1] denies the allegations in GameChops' Complaint. GameChops has systematically violated Materia Music's and its artists' rights by uploading content containing works Materia Music controls without the necessary licenses—including synchronization licenses, which GameChops' principal Christopher Davidson has conceded he never even sought. The DMCA takedown notices Materia Music issued in connection with GameChops and Davidson were truthful and served a single, good-faith purpose: protecting Materia Music's and its artists' rights in the works at issue in those notices from widespread infringement by GameChops and Davidson.

**2. A proposed deadline for the joining of additional parties.**

The parties propose a deadline of December 7, 2026 for joining additional parties.

**3. Whether the parties agree that a Magistrate Judge may conduct all proceedings including trial and the entry of judgment.**

No.

**4. A discovery plan that states, by corresponding paragraph letters (A, B, etc.), the parties' views and proposals on all items in FED. R. CIV. P. 26(f)(3), which includes the following topics:**

***(A) What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made.***

The parties do not propose any changes to the timing, form, or requirement for disclosures under Rule 26(a). The parties exchanged initial disclosures on October 29, 2026.

---

[1] Materia Music, Inc. notes that Materia Music Publishing LLC does no active business and is not an appropriate Defendant in this case. Materia Music reserves all rights and will address the issue in due course.



focal PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

**(B) *The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.***

**Subjects of Discovery:**

- **GameChops:** GameChops anticipates seeking discovery on all matters set forth in its Complaint, including but not limited to information regarding Materia's alleged ownership of rights asserted in and other statements and representations made in the DMCA notices discussed in the Complaint; Defendants' relationship and agreements with the artists whose works are allegedly the basis for the DMCA notices including but not limited to Toby Fox; Defendants' alleged rights with respect to character copyrights and/or trademarks owned by Toby Fox and/or Royal Sciences LLC; Defendants' manufacturing, marketing, sale, and/or distribution of the *Mario & Chill* album; Defendants' communications with any third parties relating to GameChops, its business, or any of its artists including but not limited to YouTube, DistroKid, Spotify, Apple, Bandcamp, Soundcloud, Tidal, and Dropbox; Defendants' public and private statements about GameChops, its business, or any of its artists (including but not limited to Chris Davidson p/k/a DJ Cutman); and Defendants' interactions with any GameChops artists. Additionally, GameChops anticipates obtaining third-party discovery from Toby Fox, Royal Sciences LLC, and other Materia Music artists relating to the DMCA notices discussed in the Complaint. GameChops further reserves the right to pursue discovery in connection with any answer and claims filed by Defendants.
- **Materia Music:** Materia anticipates seeking discovery on all matters set forth in the Complaint and on Defendants' defenses, including but not limited to: GameChops' alleged ownership of, and licenses for, the musical works and sound recordings embodied in the videos and works identified in the DMCA notices



**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

alleged in the Complaint, including any mechanical and synchronization licenses GameChops or Davidson obtained or failed to obtain; the factual basis for the counter notices submitted by Davidson, individually or on behalf of GameChops, including any claimed authorization from Toby Fox or Royal Sciences LLC; the relationship between GameChops and Davidson, including ownership and control of the GameChops and DJ Cutman YouTube channels; the release and licensing of the *Deltarune & Sleep* / *Piano & Sleep: Deltarune* album, including GameChops' communications with DistroKid and the Harry Fox Agency; the creation, authorship, and ownership of the *Mario & Chill* album, including the copyright registration GameChops relies on and any agreements with the album's artist, Andrei Tomi Birsan p/k/a Helynt; the negotiation, performance, and termination of the September 2018 license agreement and the January 2021 settlement agreement, including GameChops' access to royalty statements; GameChops' communications with Toby Fox, Royal Sciences LLC, and their associates concerning Materia or the works at issue; GameChops' agreements with, and payments to, the artists whose works appear in the videos and works at issue; and GameChops' alleged damages, including the revenue, viewership, and monetization data for the videos at issue and the alleged harm to GameChops' artists and to the public interest. Additionally, Materia anticipates obtaining third-party discovery from DistroKid LLC, the Harry Fox Agency LLC, Bandcamp, and other platforms that received the DMCA notices or counter notices discussed in the Complaint, as well as from Birsan and other GameChops artists. Materia further reserves the right to pursue discovery in connection with any counterclaims it may assert and any reply or defenses asserted by GameChops, and to coordinate discovery with the related action, *Materia Music, Inc. v. Davidson*, No. 2:26-cv-03656 (W.D. Wash.).



focal PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

**<u>Proposed Discovery Completion Date</u>:**

- The parties propose a discovery deadline for all discovery (including expert discovery) of August 6, 2027.

**<u>Phasing or Limitations on Discovery</u>:**

- The parties do not propose any phasing of discovery or limitations to or focus on particular issues.

***(C) Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.***

The parties agree that discovery requests and responses, including document productions, privilege logs, notices of depositions, and notices of subpoenas, may be served by email or file share link, as appropriate, without the need for hard copies. The parties further agree that depositions may be conducted by virtual means. The parties acknowledged their obligation to preserve discoverable information but are not aware of any issues relating to that preservation obligation.

***(D) Any issues about claims of privilege or of protection as trial-preparation materials, including the timing and method for complying with Rule 26(b)(5)(A) and—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under FRE 502.***

Regarding the exchange of privilege logs, the parties agree that such logs shall be served within 10 business days of service of the discovery responses or production to which the log relates. The parties agree to address the inadvertent production of privileged information, privilege waiver issues, and the scope of materials that must be included in privilege logs in the stipulated protective order they will present to the Court.



**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

***(E) What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed.***

The parties do not propose any changes or additions to the limitations on discovery imposed under applicable rules.

***(F) Any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).***

The parties agreed to present a stipulated protective order to the Court based on the Model Stipulated Protective Order. Beyond that, the parties do not propose that any other orders be issued under Rule 26(c) or Rule 16(b) and (c).

**5. The parties' views, proposals, and agreements, by corresponding paragraph letters (A, B, etc.), on all items set forth in Local Civil Rule 26(f)(1), which includes the following topics:**

***(A) Possibilities for promptly settling or otherwise resolving the case.***

The parties began discussions regarding the possible settlement of this and the related case pending in this District, *Materia Music, Inc. v. Davidson, et al.*, No. 2:26-cv-3656-JNW. To facilitate those discussions, the parties agreed to request extensions of the deadlines for them to respond to the complaints in this action and the aforementioned related case. Those stipulated extension requests – requesting an extension of both response deadlines to November 24, 2026 – were filed on October 29, 2026. Both requests have been granted.

***(B) Whether the parties plan to engage in some form of alternative dispute resolution ("ADR"), such as mediation or the individualized trial program set forth in LCR 39.2, when they plan to engage in ADR, or why the parties do not plan to engage in ADR.***

The parties currently plan to engage in some form of ADR should their current informal settlement discussions prove unsuccessful. The parties discussed both private mediation and a settlement conference before a magistrate judge and agreed that either or both could be



focal PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

beneficial. The parties would prefer not to commit to a specific form of ADR at this time to allow for the flexibility to select the most useful form when the parties are ready to participate in ADR. The parties propose a deadline of March 31, 2027 to engage in ADR.

***(C) The existence of any related cases pending before this court or in another jurisdiction as set forth in LCR 3(g) and (h) and a proposal for how to handle the related cases.***

As noted above, a related case is pending in this District, *Materia Music, Inc. v. Davidson, et al.*, No. 2:26-cv-03656-JNW, currently assigned to the Honorable Jamal N. Whitehead. The parties began discussing ways in which the related cases may be handled and those discussions are continuing. The parties will endeavor to present agreed proposals for handling the two cases but believe that it is premature to do so at this time as the parties are focused on discussions regarding the possible early resolution of both cases and no response to the complaint has yet been filed in either case.

***(D) A statement of how discovery will be managed to promote the expeditious and inexpensive resolution of the case, including but not limited to:***

***(i) forgoing or limiting depositions or exchanging documents informally***

The parties do not propose forgoing or limiting depositions or exchanging documents informally.

***(ii) agreeing to share discovery from third parties and the cost of obtaining that discovery***

The parties agree to share discovery from third parties upon request. At this time, the parties do not agree to share the cost of obtaining that discovery but will meet and confer regarding requests for cost-sharing measures in specific instances.



**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

***(iii) scheduling discovery or case management conferences with the judge assigned to the case as necessary***

At this time, the parties do not propose scheduling discovery or case management conferences with the Court.

***(iv) presenting discovery disputes to the court by informal means***

The parties agree to present discovery disputes to the Court by the most efficient means available, including but not limited to the expedited joint motion procedure under LCR 37(a)(2), requesting pre-filing conferences with the Court, and other permitted mechanisms for presenting such disputes to the Court.

***(v) requesting the assistance of a magistrate judge for settlement conferences***

*See* Section 5(B) above.

***(vi) requesting to use an abbreviated pretrial order***

The parties do not request that an abbreviated pretrial order be used.

***(vii) requesting other orders the court should enter under LCR 16(b) and (c)***

At this time, the parties do not request that any other orders be entered under LCR 16(b) and (c).

***(E) The targeted discovery that each side anticipates seeking.***

*See* above Section 4(B), "Subjects of Discovery".

***(F) Phasing motions to facilitate early resolution of potentially dispositive issues.***

The parties do not propose phasing motions at this time.

***(G) Any preliminary issues relating to the preservation of discoverable information and the scope of the preservation obligation.***

The parties acknowledged their respective obligations to preserve discoverable information but are unaware of any preliminary issues relating to such preservation or the scope



**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

of the preservation obligation.

***(H) Procedures for handling inadvertent production of privileged information and other privilege waiver issues pursuant to Rule 502(d) or (e) of the Federal Rules of Evidence.***

The parties agree to include procedures for handling the inadvertent production of privileged information in the stipulated protective order they will present to the Court.

***(I) Whether the case will involve the preservation and production of Electronically Stored Information ("ESI") and the Model Agreement Regarding Discovery of Electronically Stored Information in Civil Litigation.***

The parties agreed that the case will involve the production of ESI. The parties discussed the likelihood that, given the nature of the parties (both small businesses), the productions will be smaller and involve a small number of custodians. The parties agreed to produce documents as native files, multi-page TIFFs, single-page TIFFs, or searchable PDFs, to the extent feasible based on the manner in which the produced documents are ordinarily kept by the producing party in the course of its business. The parties will, if necessary, negotiate an agreement regarding the production of ESI, using the Court's Model Agreement Regarding Discovery of Electronically Stored Information as a starting point.

***(J) Alternatives to the Model ESI Agreement.***

*See* Section 5(I) above.

**6. The date by which discovery can be completed.**

The parties propose a discovery deadline of August 6, 2027.

**7. Whether the case should be bifurcated by trying the liability issues before the damages issues, or bifurcated in any other way.**

The parties do not propose bifurcating the case in any way at this time.



focal PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

**8. Whether the pretrial statements and pretrial order called for by Local Civil Rules 16(e), (h), (i), and (k), and 16.1 should be dispensed with in whole or in part for the sake of economy.**

The parties do not propose dispensing with the pretrial statements and pretrial order called for by the specified Local Civil Rules.

**9. Any other suggestions for shortening or simplifying the case.**

At this time, the parties do not have any further proposals for shortening or simplifying the case.

**10. The date the case will be ready for trial. The Court expects that most civil cases will be ready for trial within a year after filing the Joint Status Report and Discovery Plan.**

Based on the Court's expectation, the parties propose that the case be ready for trial on November 8, 2027, approximately one year after the filing of this Joint Status Report.

**11. Whether the trial will be jury or non-jury.**

The parties agree that the trial will be jury.

**12. The number of trial days required.**

At this time, the parties agree that this case will require approximately 4-5 trial days. However, the parties note that the pleadings have not yet closed in this case and this estimated range does not account for the related case brought by Materia Music.

**13. The names, addresses, and telephone numbers of all trial counsel.**

**For GameChops:**

| | |
|---|---|
| Stacia N. Lay, WSBA #30594<br>Venkat Balasubramani, WSBA #28269<br>Focal PLLC<br>900 1st Avenue S., Suite 201<br>Seattle, Washington 98134<br>Tel: (206) 529-4827<br>Email: stacia@focallaw.com<br>Email: venkat@focallaw.com | Heather M. Morado, WSBA #35135<br>Morado Law, PLLC<br>600 1st Avenue, Suite 330, PMB 28223<br>Seattle, Washington 98104<br>Tel: (206) 337-7270<br>Email: hmorado@moradolaw.com |



focal PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

**For Materia Music:**

William C. Rava, Bar No. 29948
Asta Wylie
**Ashurst Perkins Coie US LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Telephone: +1.206.359.8000
Facsimile: +1.206.359.9000
Will.Rava@ashurstperkins.com
Asta.Wylie@ashurstperkins.com

Robert W. Clarida
**Ashurst Perkins Coie US LLP**
1155 Avenue of the Americas, 22nd Floor
New York, New York 10036-2711
Telephone: +1.212.262.6900
Facsimile: +1.212.977.1649
Robert.Clarida@ashurstperkins.com

Jeffrey Adam Payne
**Ashurst Perkins Coie US LLP**
1999 Avenue of the Stars, Suite 1000
Los Angeles, California 90067-6022
Telephone: +1.310.788.9900
Facsimile: +1.310.788.3399
Jeffrey.Payne@ashurstperkins.com

**14. The dates on which the trial counsel may have complications to be considered in setting a trial date.**

**GameChops:** At this time, trial counsel for GameChops is not aware of any dates on which they may have complications to be considered in setting a trial date.

**Materia Music:** Materia Music is not available for trial between December 20, 2027, and December 31, 2027.

**15. If, on the due date of the Report, all defendant(s) or respondents(s) have not been served, counsel for the plaintiff shall advise the Court when service will be effected, why it was not made earlier, and shall provide a proposed schedule for the required FRCP 26(f) conference and FRCP 26(a) initial disclosures.**

Not applicable.



**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

**16. Whether any party wishes a scheduling conference before the Court enters a scheduling order in the case.**

The parties do not wish a scheduling conference before the Court enters a scheduling order in the case.

**17. List the date(s) that each and every non-governmental corporate party filed its disclosure statement pursuant to FED. R. CIV. P. 7.1 and Local Rule 7.1.**

GameChops filed its disclosure statement on September 18, 2026 (Dkt. 2). Materia Music filed their disclosure statement on September 29, 2026 (Dkt. 9).

Respectfully submitted,

**FOCAL PLLC**

By: *s/ Stacia N. Lay*
Stacia N. Lay, WSBA #30594
Venkat Balasubramani, WSBA #28269
900 1st Avenue S., Suite 201
Seattle, Washington 98134
Tel: (206) 529-4827
Fax: (206) 260-3966
Email: stacia@focallaw.com
Email: venkat@focallaw.com

**MORADO LAW, PLLC**

Heather M. Morado, WSBA #35135
600 1st Avenue, Suite 330, PMB 28223
Seattle, Washington 98104
Tel: (206) 337-7270
Email: hmorado@moradolaw.com

*Attorneys for Plaintiff GameChops, LLC*

**ASHURST PERKINS COIE US LLP**

By: *s/ William C. Rava (signed with permission)*
William C. Rava, WSBA #29948
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Tel: (206) 359-6338

Email: will.rava@ashurstperkins.com

Robert W. Clarida (admitted *Pro Hac Vice*)
1155 Avenue of the Americas, 22nd Floor
New York, New York 10036-2711
Tel: (212) 262-6900
Email: robert.clarida@ashurstperkins.com

Jeffrey Adam Payne (admitted *Pro Hac Vice*)
1999 Avenue of the Stars, Suite 1000
Los Angeles, California 90067-6022
Tel: (310) 788-9900
Email: jeffrey.payne@ashurstperkins.com

*Attorneys for Defendants Materia Music, Inc. and Materia Music Publishing LLC*